## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| RENDER GODFREY, Individually, | ) | |
| and d/b/a Superior Flooring of GA, Inc. | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | File No.:_____ |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, NA. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, RENDER GODFREY, individually and d/b/a Superior Flooring of Georgia, Inc (hereinafter referred to as Render Godfrey) by and through his counsel of record, and for the reasons stated below, files the instant lawsuit against Defendant WELLS FARGO BANK, NA., for Defendant's egregious and racially charged conduct, and in support thereof, respectfully shows this Court as follows:

## NATURE OF THE ACTION

1.

This action is brought by Plaintiff Render Godfrey, individually and dba Superior Flooring of Georgia, Inc. (African American) against Defendant Wells

Fargo Bank, NA., to provide appropriate relief to Plaintiff for the egregious and unlawful racial discrimination he encountered at Defendant Wells Fargo Bank, NA.,'s branch located at 2 Amlajack Blvd, Newnan, GA 30263 on January 19, 2022, through January 28, 2022.

2.

Ms. Godfrey owned a flooring business and had a commercial banking account with Wells Fargo Bank, NA., in Newnan, GA.

3.

On the day in question, Plaintiff visited Defendant Wells Fargo Bank, NA., regarding his account ending in number 3845 because he was not able to make transactions. Upon his arrival Plaintiff was told that his account was closed and that he needed to reopen the account. As Plaintiff attempted to reopen the account number ending in 3845, Defendant, Wells Fargo Bank, NA.'s denied Plaintiff's reopening of his account number ending in 3845. The bank's employees, based on racial animus and discriminatory intent, immediately instigated a racially hostile attitude toward him. As a result of the racially hostile attitude, the bank employees immediately called into question Plaintiff's motives and ability in wanting to reopen his account, while falsely accusing Plaintiff of fraudulent action and ultimately,

refusing to reopen Plaintiff's account ending in 3845. Defendant Wells Fargo Bank, NA.'s employees that were fueled by its unlawful racial animus and discriminatory intent toward Plaintiff. Plaintiff Godfrey is quite familiar with racial discrimination acts and hostile attitudes because he is a large Black male who has an intimidating appearance to some people.

4.

During Plaintiff Godfrey's the interactions at the bank with a Caucasian Wells Fargo Bank, NA's employee, told Mr. Godfrey his account was overdrawn several times and there had been no activity on the account for a while, which is the reason it was closed and could not be reopened. Mr. Godfrey told the bank's employee that was incorrect because he had placed money in the account days ago. Mr. Godfrey stated to the employee that there is nothing wrong with his credit and he had been a customer for some time. Mr. Godfrey felt that he was being treated differently because of his race and his appearance began recording the bank's employees and their interactions with him. Plaintiff Godfrey felt that the employees were laughing and making smart remarks about him. Mr. Godfrey felt that because of the color of his skin the Wells Fargo Bank, NA.'s employees did not want to deal with him as a customer. Mr. Godfrey was abruptly transferred to a manager. The manager shifted

the conversation from Mr. Godfrey's concern about his account to telling Mr. Godfrey that he could not record the conversation. Mr. Godfrey stated that there are no signs or warnings to not record his encounter with them. Mr. Godfrey wanted an explanation why he could not use his account and why he needed to reopen his account as if he was a new customer. Mr. Godfrey was told to make another appointment for another day because he did not have all of his paperwork to open an account. The next day, Mr. Godfrey returned to Wells Fargo Bank, NA. and was told he had to open a new account and that he was not allowed to reopen his previous account. Mr. Godfrey questioned the employees on why he could not reopen the same account because it showed itself to be open. Furthermore, Mr. Godfrey stated that he had money in the account ending in 3845, which was active. Thereafter, Mr. Godfrey received a phone call from Wells Fargo's security and was harassed and threatened not to return to the bank. On January 28, 2022, the Defendant returned the money Mr. Godfrey had in his account ending in 3845.

## JURISDICTION AND PARTIES

5.

This is an action by Plaintiff Render Godfrey and d/b/a Superior Flooring for racial discrimination, violations of the U.S. Constitution, and unlawful banking

practices that contravene the Civil Rights Act of 1866, 42 U.S.C. § 1981 (as amended), as well as various other laws and regulations.

6.

Plaintiff Render Godfrey is a resident of the State of Georgia.

7.

Defendant Wells Fargo, NA is a foreign corporation doing business in this state and may be served by its Registered Agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners GA 30096.

8.

Venue is proper in this court and all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## **BACKGROUND FACTS**

9.

Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs.

10.

Plaintiff Render Godfrey is an African American male who is a business owner and a resident of the State of Georgia. Mr. Godfrey was also an account holder of Defendant's Bank.

11.

Defendant Wells Fargo, NA., is a Georgia banking institution and a member of the FDIC, which promises equitable treatment of customers.

12.

On and after January 19, 2022, through January 28, 2022, at the height of a novel and global pandemic—Plaintiff Render Godfrey went to Wells Fargo Bank, NA., to check on why he was being denied access to his account ending in number 3845.

13.

Specifically, Plaintiff Render Godfrey had checked his account and found the account was valid, and there was money in the account.

14.

Plaintiff Godfrey a large African American male in stature was told to come back to the bank at another date to reopen his account.

15.

During Plaintiff Godfrey's interactions at the bank with a Caucasian Wells Fargo Bank, NA's employee, told Mr. Godfrey his account was overdrawn and there had been no actions on the account for a while, which is the reason it was closed and could not be reopened.  Mr. Godfrey told the bank's employee that was incorrect because he had placed money in the account days ago.  Mr. Godfrey felt that he was being treated differently because of his race and his appearance began recording the bank's employees and her interactions with him.

16.

Mr. Godfrey felt that because of the color of his skin the Wells Fargo Bank, NA.'s employees transferred Mr. Godfrey to the bank's manager. Mr. Godfrey felt that the employees were marking him and making fun of him while he was in the bank. Mr. Godfrey decided to document the incident by recording the bank's employees.  Mr. Godfrey was abruptly transferred to a manager. The manager shifted the conversation from Mr. Godfrey's concern about his account to telling Mr. Godfrey that he could not record the conversation. Mr. Godfrey stated that there are no signs or warnings to not record his encounter with them. Mr. Godfrey stated that he wanted an explanation why he could not use his account and why he needed to reopen his account as if he was a new customer. Mr. Godfrey was told to make

another appointment for another day because he didn't have all of his paperwork to open an account.  The next day, Mr. Godfrey returned to Wells Fargo Bank, NA. and was told he had to open a new account and that he was not allowed to reopen his previous account. At the next appointment, Mr. Godfrey met with a black female employee who told him he was not getting a new account or reopening his old account.

17.

Plaintiff Godfrey also contends that he received a call from Wells Fargo's security guard who told him that he would not be allowed back to the bank. Mr. Godfrey questioned the security guard on what authority gives him the right to ban Mr. Godfrey from the bank.  Thereafter, Wells Fargo's security guard changed his tone and told him that if the Plaintiff came back with a video camera, they would call the police to escort the Plaintiff out of the bank.

On or about January 28, 2023, Wells Fargo Bank returned Mr. Godfrey's balance from account number 3845. Mr. Godfrey contends that the below letter was not consistent with what he was told about his account having a negative balance but returned to him a balance.

WELLS FARGO BANK, N.A.
PO Box 5131, N9777-112 OFC
Sioux Falls, SD 57117-5131

000130   CW93F3TA

 SUPERIOR FLOORING OF GEORGIA, INC
55 W CAMPBELLTON ST
FAIRBURN, GA 30213-1338

January 28, 2022

RE: Decision regarding your claim reference number ▮▮▮▮▮▮

Dear RENDER GODFREY for SUPERIOR FLOORING OF GEORGIA, INC:

Thank you for contacting us about the charge(s) to your account ending
in 3845 in the amount of $575.00.

The investigation of your claim has been completed. We have resolved
claim in your favor in the amount of $610.00, including any
associated fees, and applicable interest. Since your account was
closed in a negative balance, we have sent the amount of 214.95
that was charged off from your account ending in 3845 to our
recoveries department. Because we were not able to find an open
checking or savings account in your name, we have enclosed a check for
the remaining balance in the amount of $395.05 to resolve your claim.

If you have any questions, please call us at 1-800-548-9554. Any
representative will be happy to assist you. Our claims specialists can
provide assistance in Spanish, if you prefer.

PLEASE DETACH BEFORE DEPOSITING





18.

## **COUNT I**

**Racial Discrimination in Violation of 42 U.S.C. § 1981 and**
**O.C.G.A. §7-6-1 Discriminates in Extending Credit or**
**Making Loan Prohibited**

Plaintiff repeats and realleges the allegations set forth in the foregoing
Paragraphs. Title 42, Chapter 21 of the U.S. Code prohibits discrimination against
persons based on age, disability, gender, race, national origin, and religion (among
other things) in a number of settings, including education employment, public
accommodations, and federal services.  Codified in Chapter 21 are several federal
acts that protect Plaintiff, including the Civil Rights Act of 1866 and Civil Rights
Act of 1964.

19.

Wells Fargo Bank NA's discrimination against Plaintiff as described above is
in violation of Plaintiff's rights afforded to her under Federal and State Laws the
Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of
1991 and O.C.G.A. § 7-6-1.

20.

Plaintiff is a member of a protected class, in that he is African American and cannot be discriminated against on the basis of his race.

21.

By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges of their banking relationship with Defendant, in violation of 42 U.S.C. § 1981 and O.C.G.A. § 7-6-1 which states "no bank, lending company, financial institution, retail installment seller or person extending credit may discriminate or provide requirements which discriminate in the extending or credit or the making of loans solely on the basis of sec, race, religion, national origin, or marital status.

22.

The actions of Defendant, by its agents, employees, and representatives, were willful, intentional, in deliberate disregard of, and with reckless indifference to the rights and sensibilities of Plaintiff.

23.

As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff were adversely affected, Plaintiff was unlawfully harassed disrespected solely because of the color of her skin.

24.

As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life.

25.

Plaintiff Render Godfrey an existing customer who was racially discriminated against by Defendant Wells Fargo Bank, NA., and unfairly disregarded as compared to Defendant's white customers, who receive high-quality customer service, fair consumer transactions, and are treated with basic dignity and respect. Specifically, the employees at Wells Fargo Bank, NA., engaged in racial profiling of African Americans with accounts that have insufficient funds and did not engage in the same conduct with customers who were not African American. Upon information and belief, this branch had Wells Fargo's security guard engaged in conduct to scare off

Mr. Godfrey. Mr. Godfrey was denied the same type of conduct for customers attempting to reopen their account who were Caucasians.

26.

The blatantly racist practices of Defendant Wells Fargo Bank, NA., wherein Defendant's agents, employees, and/or representatives deliberately denied Plaintiff a fair and race-neutral commercial banking transaction—solely on the basis of race.

27.

The open atmosphere of hostility towards people of color established by Defendant created an environment permeated with discriminatory intimidation, ridicule, and insult that was so severe and pervasive that it altered the conditions of Plaintiff's personal life.

28.

Defendant made no secret of its hostility and distain towards Plaintiff, based solely on his race, causing Plaintiff mental anguish and pain, humiliation, embarrassment, outrage, and significant interference with her ability to enjoy the same quality of life and equal treatment under the law as her white counterparts.

29.

The core issues involved in Plaintiff's case are the following:

a.  Whether Defendant's conduct constitutes a violation of 42 U.S.C. § 1981;

b.  Whether Defendant's conduct constitutes a violation of O.C.G.A. § 7-6-1.

c.  Whether Defendant's conduct constitutes a violation of 15 U.S.C. § 1691;

d.  Whether Defendant's conduct constitutes a violation of the equal protection clause of the U.S. Constitution;

e.  Whether Plaintiff is entitled to compensatory and/or actual damages, punitive damages, attorneys' fees and costs of suit; and

f.  Whether the Plaintiff is entitled to any such further relief as the Court deems appropriate.

30.

Damages will be adduced at trial through expert testimony and other competent evidence.

31.

On information and belief, based upon all available information, Plaintiff alleges that the total amount in controversy exclusive of fees, costs, and interest, exceeds $1 million.

## <u>COUNT II</u>
## Violations of 15 U.S.C. § 1691

32.

Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs.

33.

The Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f ("ECOA") prohibits any creditor from discriminating against an applicant—with respect to *any* aspect of a credit transaction—on the basis of certain characteristics, including race, color, religion, national origin, sex or marital status, or age.

34.

In denying Plaintiff the ability to reopen his account without explanation—or in failing to provide Plaintiff with any reason or notice of the denial with an accurate statement of the reasons for the denial, Defendant has violated the ECOA, 15 U.S.C. § 1691.

35.

Defendant's unlawful racial discrimination against Plaintiff, as described above, is in violation of Plaintiff's rights afforded to her under the Equal Credit Opportunity Act.

36.

Plaintiff, an African American had the finances and documentation needed to open his account, the Bank rejected him even though he was qualified to open an account.  Plaintiff contend that he is African American and is protected to not be discriminated by the Bank.  The Bank's actions were discriminating toward Mr. Godfrey because of his race.  Mr. Godfrey also states that the Bank had a contractual duty to not close his existing account.  This action affected his ability to do business.

37.

By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as those enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges of their banking relationship with Defendant, in violation of 15 U.S.C. §§ 1691-1691f.

38.

The actions of Defendant, by its agents, employees, and representatives, were willful, intentional, in deliberate disregard of, and with reckless indifference to the rights and sensibilities of Plaintiff.

39.

As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff was adversely affected, Plaintiff was unlawfully harassed disrespected solely because of the color of his skin.

40.

As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life.

## **COUNT III**

**Negligent, Reckless and/or Intentional Infliction of Emotional Distress**

41.

Plaintiff repeats, realleges, and incorporates all other paragraphs of this complaint as if fully set forth herein.

42.

Defendant recklessly, negligently and/or intentionally inflicted emotional distress upon Mr. Godfrey when engaging in this conduct, and/or knew that there was a high probability that such conduct would result in such distress.

43.

Defendant's negligent, reckless and/or intentional conduct caused Ms. Brown to suffer severe emotional distress that no reasonable person could be expected to endure.

44.

Mr. Godfrey is suing Defendant for all the reasons previously set forth herein, which are causally related to her injuries, and seeks money damages in an amount to be set by the jury.

## **<u>RELIEF REQUESTED</u>**

45.

For the foregoing reasons, Plaintiff demands judgment and legal relief

against Defendant as follows:

a.  Compensatory, economic, and noneconomic damages in whatever amount Plaintiff is found to be entitled;
b.  Exemplary damages, based on oppression and malice, according to Defendant's net worth;
c.  An award of interest, costs, attorney's fees, and expert witness fees; and;
d.  For such other and further relief as the court deems just and proper.

## JURY DEMAND

46.

Plaintiff hereby demands a trial by jury of all the issues in this cause.

This 18th day of January, 2024.

Respectfully Submitted,

*/s/ GRAYLIN C. WARD*
Graylin C. Ward
GRAYLIN C. WARD
**COUNSEL FOR PLAINTIFF**
Georgia Bar No. 736855

27 East Broad Street
Newnan, GA 30263
(770) 251-1289
gward@numail.org